IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RALPH WILLIAM LANE,

    Petitioner,

v.                                                                 CASE NO. 5:09-cv-176-RS-GRJ

WALTER A. MCNEIL,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 1, Petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The Petition stems from Petitioner's Bay County conviction for a violation of probation ("VOP").  Petitioner contends (i) the alleged violations actually occurred after his probationary period already had ended and (ii) he received ineffective assistance of counsel in connection with his VOP conviction proceedings.  (Doc. 1.)   Respondent has filed a response and exhibits in support of that response.  (Doc. 12.)  Petitioner has also filed a Notice of Supplemental Authority (Doc. 11) as well as a Reply to Respondent's response.  (Doc 14.)  Upon due consideration of the Petition, the Notice of Supplemental Authority, the response, Petitioner's Reply to the Respondent's response, and the state-court record, the undersigned recommends that the Petition be denied.[1]

## State-Court Proceedings

Petitioner was charged with second degree murder by means of an information

---

[1] Because the Court may resolve the Petition on the basis of the record, the Court has determined that an evidentiary hearing is not warranted. *See* Rule 8, Rules Governing Habeas Corpus Petitions Under Section 2254.

filed in the Circuit Court for the Fourteenth Judicial Circuit in Panama City, Florida ( the "state court") on December 15, 1988. (Respondent's Exhibit (hereafter "Exh.") A at 7.) Petitioner pled nolo contendere to the charge and was sentenced to 12 years imprisonment followed by 10 years probation. (*Id.* at 31-38, 41.) He did not file a direct appeal of his conviction on the second degree murder charge.

On April 2, 1991, Petitioner filed a motion for post-conviction relief pursuant to Fla. R. Crim. P. 3.850 in the state court in which he raised the following claims: (i) his plea was not knowing and voluntary; (ii) the state trial court lacked jurisdiction to convict and sentence him; (iii) he was denied effective assistance of counsel; and (iv) his conviction and sentence violated his equal protection/due process rights as well as the constitutional prohibition against ex post facto laws. (*Id.* at 44-51.) On April 8, 1991, the state trial court entered an order summarily denying the motion for post-conviction relief based upon Petitioner's written plea agreement to the murder charge. (*Id.* at 52.) Petitioner appealed the denial of this motion to the First District Court of Appeal, which affirmed the denial of the motion on grounds (ii) and (iv). The Court, however, remanded the case for reconsideration on grounds (i) and (iii) because the state court did not append a copy of the Petitioner's plea agreement to its order denying the motion. (*Id.* at 53-56, 67-69.)

Petitioner was released from the custody of the Florida Department of Corrections on April 21, 1995 and began serving his ten year probation sentence on that day. (Exh. F at 17.) While on probation, Petitioner was arrested, charged and convicted in Georgia state court for the offenses of aggravated sodomy and impersonating another person. (Exh. A at 72-74.) Petitioner was sentenced to 10

years imprisonment on the first count and 1 year imprisonment on the second count of the Georgia charges. (*Id.*) Petitioner then served a sentence in the Georgia Department of Corrections from September 15, 1997 until June 15, 2007. (Exh. A at 74; Exh. B at 127.)

The state probation officer, who was supervising Petitioner in connection with his probation on the Bay County second degree murder charge, filed a Violation Report in the state court on May 23, 2005 alleging Petitioner violated his probation based upon the Petitioner's convictions in Georgia and because Petitioner failed to perform the required community service. (Exh. A at 70-75.) The state court issued an arrest warrant. (*Id.* at 76.) Petitioner was arrested on the warrant on June 15, 2007 in Bibb County, Georgia and Petitioner had his first appearance in state court on the VOP on June 16, 2007. (*Id.* at 76, 81, 83-84.) On July 23, 2007, Petitioner entered a nolo contendere plea to the VOP and admitted he had violated probation. (Exh. A at 94-100; Exh. B at 121-23.) Petitioner's probation was revoked and Petitioner was sentenced to 27 years imprisonment on the VOP. (Exh. A at 94-100.) Petitioner appealed his VOP conviction to the First District Court of Appeal through the filing of a Notice of Appeal dated August 23, 2007, which was received by the state court on August 30, 2007. (*Id.* at 105-08.) Petitioner also requested the Court to appoint counsel to represent him on appeal, a request which the state court granted. (*Id.* at 109-10, 114.)

The First District Court of Appeal entered an order to show cause on September 6, 2007 directing the Petitioner to show cause why his appeal should not be dismissed as untimely. (Exh. C.) Petitioner responded through counsel on September 17, 2007, asking the court to consider his appeal timely filed because Petitioner gave the Notice

of Appeal to prison officials for mailing on August 25, 2007. (Exh. D.) His direct appeal of his VOP conviction was dismissed by the First District Court of Appeal on October 10, 2007 *per curiam* without a written opinion. (Exh. E.)

The Petitioner filed another motion for post-conviction relief with the state court on October 23, 2007 in which he presented the following claims: (i) his conviction and sentence were illegal under Florida law because the probation violations he was charged with and convicted of purportedly took place when he was no longer on probation and (ii) he received ineffective assistance of counsel because his counsel failed to object to or move for discharge of the probation violation charges based on the state court's lack of jurisdiction over the charges. (Exh. F at 1-12.) The motion was dismissed without prejudice on October 27, 2007 because the first issue was then pending on direct appeal. (*Id.* at 13.) Petitioner then filed a motion for rehearing in the state court, which reinstated his postconviction motion and denied it on the merits on November 10, 2007. (Exh. F at 17-18, 44-47.) In denying the October 23, 2007 postconviction motion, the state court noted the following:

> The Defendant is correct that a trial court lacks jurisdiction to sentence a defendant for a probation violation if the affidavit of violation and arrest warrant are not filed until after the probation term has expired. *See, e.g., Jones v. State*, 964 So. 2d 167 (Fla. 5th DCA 2007). However, Defendant fails to mention that, after being released from prison in Florida, he was arrested in Georgia for committing new offenses and was incarcerated for most of the period between the release from prison in Florida and his reimprisonment here. A printout from the Georgia Department of Corrections website, which was attached to one of the violation reports filed in this case, reflects that the Defendant was imprisoned in the Georgia Department of Corrections from September 15, 1997 through the report the date was prepared in 2005. (*See* attachment to violation report filed July 15, 2005). This calculation does not even include any possible pretrial jail time Defendant served before being sentenced to prison in being sent to the Department of Corrections. A

> defendant cannot serve both a prison term and a probation term simultaneously, and an active probation term is tolled while a defendant is incarcerated. *See Jones, supra* ('where a defendant is incarcerated, a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time as a result of a separate and distinct offense'). Thus, Defendant's probation term was tolled, at the least, from September 15, 1997 through the filing of the affidavit of violation in 2005. Thus, the 10-year probationary period has not expired, and the Defendant's arguments are without merit.

(*Id.* at 17-18.) Petitioner filed another motion for rehearing with the state court on November 19, 2007, which the state court denied on January 25, 2008. (*Id.* at 48-52, 69-70.) In denying this motion, the state court noted the following:

> Defendant is missing the point of the Court's prior order. The Court did not find that his probationary period was tolled when the affidavit of violation was filed. Defendant's probation was tolled for the entire period that he was incarcerated in the Georgia Department of Corrections, which, as shown in attachment to the prior order, was at least from September 15, 1997 through July 15, 2005.

(*Id.* at 69.)

Petitioner appealed the state court's denial of his October 23, 2007 postconviction motion to the First District Court of Appeal in a Notice of Appeal dated January 30, 2008. (*Id.* at 78-79.) On June 2, 2008, the First District Court of Appeal ordered the state to show cause as to why the state court's denial of the postconviction motion should not be reversed based on the state's failure to file a brief in response to Petitioner's appeal. (Exh. H.) The state responded, noting under Florida law the time during which Petitioner was incarcerated in Georgia did not count towards the ten year probationary period, and, consequently, Petitioner still had 8 years to serve on his probationary sentence when he was convicted of the VOP charges. (Exh. I.) The First District Court of Appeal affirmed the denial of the Petitioner's October 23, 2007

postconviction motion *per curiam* without a written opinion on February 12, 2009. (Exh. J.) Petitioner requested a rehearing, which was denied. (Exhs. K and L.) On April 23, 2009, Petitioner submitted the instant Petition for Writ of Habeas Corpus to prison officials for mailing, which was filed with this Court on May 12, 2009. (Doc. 1.)

## Section 2254 Exhaustion Requirement

Before bringing a habeas action in federal court, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b)(1), (c). Exhaustion requires that prisoners give the state courts a "full and fair opportunity" to resolve all federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation omitted).

When a petitioner fails to properly exhaust a federal claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred under state law, the claim is procedurally defaulted. *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999). Federal habeas courts are precluded from reviewing the merits of procedurally defaulted claims unless the petitioner can show either (1) cause for the failure to properly present the claim and actual prejudice from the default, or (2) that a fundamental miscarriage of justice would result if the claim were not considered. *Id*. at 1302, 1306. A fundamental miscarriage of justice exists "where a constitutional

violation has probably resulted in the conviction of one who is actually innocent." *Ward v. Hall*, 592 F.3d 1144, 1157 (11th Cir. 2010). To state a credible claim of actual innocence, a petitioner must present new reliable evidence that was not presented at trial showing that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

## Section 2254 Standard of Review

For properly exhausted claims, there are limitations on this Court's review of state court findings of fact. Under 28 U.S.C. § 2254(d)(2), a federal court may not grant a state prisoner's application for a writ of habeas corpus based on a claim already adjudicated on the merits in state court unless that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Under § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

As to legal findings, a petitioner is entitled to federal habeas relief only if the state court's adjudication of the merits of the federal claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(1). "[C]learly established Federal law, as determined by the Supreme Court of the United States," refers only to holdings (rather than *dicta*) of the Supreme Court, but decisions of lower federal courts may be considered to the extent that they demonstrate how those courts applied Supreme Court holdings. *Hawkins v. Alabama,* 318 F.3d 1302, 1309 (11th Cir.

2003) (citations omitted) ("The decisions of other federal circuit courts (and our decisions for that matter) are helpful to the AEDPA inquiry only to the extent that the decisions demonstrate that the Supreme Court's pre-existing, clearly established law compelled the circuit courts (and by implication would compel a state court) to decide in a definite way the case before them."). *See also Carey v. Musladin,* 549 U.S. 70, 74-77 (2006) (§ 2254 refers to holdings, rather than *dicta,* of the Supreme Court, collecting circuit cases "[r]eflecting the lack of guidance from this Court" on the issue).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. *Williams v. Taylor,* 529 U.S. 362, 404-06 (2000); *Bell v. Cone,* 535 U.S. 685, 694 (2002) (citing *Williams*). Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Williams,* 529 U.S. at 412-13. "Avoiding these pitfalls [described in *Williams v. Taylor*] does not require citation of our cases-indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer,* 537 U.S. 3, 8 (2002) (emphasis in original). Further, "whether a state court's decision was unreasonable must be assessed in light of the record the court had before it." *Holland v. Jackson,* 542 U.S. 649, 652 (2004).

## **<u>Ineffective Assistance of Counsel</u>**

Because Petitioner's second claim raise the issue of counsel's effectiveness, a review of *Strickland* is appropriate.  To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong.  *Id*. at 697.

When, as here, the state courts have denied an ineffective assistance of counsel claim on the merits, the standard a petitioner must meet to obtain federal habeas relief is a difficult one.  *Harrington v. Richter*, ___ U.S. ___, 131 S.Ct. 770, 786 (2011).  The standard is not whether an error was committed, but whether the state court decision is contrary to or an unreasonable application of federal law that has been clearly established by decisions of the Supreme Court. 28 U.S.C. § 2254(d)(1).  As the Supreme Court explained, error alone is not enough, because "[f]or purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law."  *Harrington*, 131 S.Ct. at 785 (quotation marks omitted).  And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable."  *Id*. at 786.

When faced with an ineffective assistance of counsel claim that was denied on the merits by the state courts, a federal habeas court "must determine what arguments or theories supported or, [if none were stated], could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree

that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id*. So long as fairminded jurists could disagree about whether the state court's denial of the claim was inconsistent with an earlier Supreme Court decision, federal habeas relief must be denied. *Id*. Stated the other way, only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may relief be granted. *Id*.

Even without the deference due under § 2254, the *Strickland* standard for judging the performance of counsel "is a most deferential one." *Id.* at 788. When combined with the extra layer of deference that § 2254 provides, the result is double deference and the question becomes whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id*. Double deference is doubly difficult for a petitioner to overcome, and it will be a rare case in which an ineffective assistance of counsel claim that was denied on the merits in state court is found to merit relief in a federal habeas proceeding.

## **Petitioner's Claims**

Petitioner asserts two grounds for postconviction relief in his Petition. Respondent concedes the Petition was timely filed but contends this Court does not possess jurisdiction over Petitioner's first claim because that claim is a state law matter and is unexhausted. As to Petitioner's second claim Respondent contends it should be denied on the merits. Both claims are without merit, as the Court will explain in further detail below.

1. **Petitioner's Claim That The Trial Court Lacked Jurisdiction To Enter Judgment Or Impose A Sentence Upon Him Is A State Law Claim And Is Unexhausted**

In his first claim in the Petition, Petitioner argues that the state court lacked jurisdiction to enter judgment or impose a sentence against him. Petitioner contends the VOP report was filed after his ten year sentence of probation already had expired and therefore the state trial court did not possess jurisdiction to convict or sentence him for violations of probation that occurred when he was no longer on probation. Respondent contends this claim is purely a matter of state law and that it is unexhausted because Petitioner never presented the claim to the Florida state courts as a federal claim.

The Court agrees that Petitioner's first ground for relief in the Petition is a state law claim not cognizable in a federal habeas corpus proceeding under Section 2254. While Petitioner contends that his VOP conviction violated both state and federal law, Petitioner fails to point to any provision of the federal constitution, which allegedly was violated. Therefore, because Petitioner has failed to assert any federal constitutional violation Petitioner is not entitled to federal habeas corpus review of his claim. *See* 28 U.S.C. § 2254(a); *Swarthout v. Cooke*, ___ U.S. ___, 131 S.Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.")(internal quotations and citations omitted); *Estelle v. McGuire,* 502 U.S. 62, 67 (1991)("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A state court's jurisdiction to convict and sentence a defendant are quintessential state law matters this Court cannot review in a federal collateral proceeding. *Chandler v. Armontrout*, 940 F.2d 363, 366 (8th Cir. 1991)(noting the adequacy of a criminal information is a question of state law and federal courts "are bound by a state court's conclusion respecting jurisdiction"); *Estrada v. Sec'y, Dept. Of Corr.,* No. 8:12–CV–758–T–30EAJ, 2012 WL 1231990, at *1 (M.D. Fla. Apr. 12, 2012)("A state court's jurisdiction to enter a judgment and sentence a defendant is a matter of state law that is not cognizable on federal collateral review."). The state court denied Petitioner's October 23, 2007 postconviction motion because under Florida law Petitioner's VOP violations were valid because Petitioner's incarceration in Georgia tolled the probationary period Petitioner was serving on his 1988 second degree murder conviction. (Exh. F at 17-18.) This is an issue of state law. Accordingly, the Petitioner is not entitled to federal habeas review of this first ground in the Petition.

Independent of the fact that this issue raises an issue of state law, Petitioner's first claim is also unexhausted because he failed to raise this claim as a federal claim in the state courts. Exhaustion required Petitioner to give the Florida state courts a "full and fair opportunity" to resolve all his federal constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To properly exhaust a federal claim, a petitioner must "fairly present" the claim in each appropriate state court, thereby affording the state courts a meaningful opportunity to "pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quotation

omitted).

Although Petitioner raised the first claim in the Petition in his October 23, 2007 motion for postconviction relief in the state court, Petitioner only argued in that motion that his VOP conviction was "an infringement and denial of defendant's constitutional rights and the Court should vacate and set-aside defendant's sentence." (Exh. F at 8.) In a motion for rehearing filed with the state trial court, Petitioner stated he was not "'lawfully' in custody because of the violations of his rights under both the state and federal constitution," but he never made the state court aware of what federal constitutional provision(s) he was attempting to invoke. (Exh. F at 45.) As further evidence that Petitioner did not fairly raise a federal constitutional claim in state court Petitioner only cited Florida caselaw in advancing this claim in the Petition in the state courts. Further, the state law cases were cited for the first time in Petitioner's second motion for rehearing filed after Petitioner's October 23, 2007 postconviction motion already had been denied. (Exh. F at 48-52.)

While the Petition includes several references to the VOP conviction violating "state and federal law" and cites a number of federal cases and statutes, none of these references even mention what federal constitutional provision Petitioner is relying upon. Furthermore, the cases and statutes Petitioner cites are all irrelevant to the issues presented in the Petition.[2]

In a belated attempt to convince the Court he successfully exhausted this claim,

---

[2] The Court has reviewed all the federal statutes and cases cited by Petitioner in the Petition. All of these authorities are either completely irrelevant to the issues presented in the Petition or else involve questions of *federal* probation and/or supervised release, as opposed to state probation.

Petitioner argues in his Reply that he invoked the federal due process clause in is October 23, 2007 postconviction motion by arguing the state court did not have subject matter jurisdiction to impose the VOP conviction.  (Doc. 14.)  In examining the October 23, 2007 motion it is clear, however, that Petitioner never mentioned or argued that he his federal due process rights were violated.  The mere reference to the words due process is insufficient to notify a state court that a petitioner has raised a federal claim. *Duncan v. Henry*, 513 U.S. 365, 365-66 (1995).  *See also Pearson v. Sec'y, Dep't of Corr.*, 273 Fed. Appx. 847, 850 (11th Cir. 2008)(affirming district court's conclusion that a section 2254 petitioner failed to exhaust a sufficiency of evidence claim where the petitioner cited exclusively to state cases and all of his substantive arguments addressed Florida law).

    Accordingly, the Court concludes that Petitioner's  first claim in the Petition is unexhausted because Petitioner did not present this first ground as a federal constitutional claim in the state court proceedings.

### 2. Petitioner's Ineffective Assistance Claim Regarding His VOP Conviction and Imprisonment Is Without Merit

    In Petitioner's second claim Petitioner argues that he was denied his Sixth Amendment right to the effective assistance of counsel because his counsel failed to request the state trial court to dismiss the VOP charges based upon the state court's purported lack of subject matter jurisdiction.  This claim is without merit, as Petitioner cannot demonstrate either deficient performance or prejudice under *Strickland*.

    Petitioner claims his counsel's performance was deficient because trial counsel did not investigate his case or discover the VOP conviction was invalid.  Petitioner

claims he never would have pled guilty to the VOP if counsel had informed Petitioner the state court lacked jurisdiction over the VOP proceedings.

In denying this claim in Petitioner's October 23, 2007 postconviction motion, the state court correctly noted that Petitioner's argument was contrary to Florida law. (Exh. F at 17-18.) Under Florida law, a probationary period is tolled when the probationer is incarcerated on a charge separate from that for which the probation was imposed. *Jones v. State*, 964 So. 2d 167, 171 (Fla. Dist. Ct. App. 2007)("It is well settled that a defendant cannot serve a prison term and be on probation simultaneously."); *State v. Savage*, 589 So. 2d 1016, 1018 (Fla. Dist. Ct. App. 1991)("Simple logic would seem to dictate that, where a defendant is incarcerated . . ., a probationary period from an unrelated sentence would be tolled since a probationary term should not be allowed to expire simply because a defendant has decided to incur new prison time.").

In this case, Petitioner was convicted and served prison time as a result of a separate and distinct offense in Georgia. There is no dispute that under Florida law the time he spent in prison in Georgia would not count towards his probationary period on the Florida second degree murder conviction. Consequently, because the argument is patently frivolous there is no basis supporting Petitioner's claim that his counsel performed deficiently. Accordingly, the second ground in the Petitioner is without merit and is due to be denied summarily.

## Recommendation

For the foregoing reasons it is respectfully **RECOMMENDED** that the petition for

a writ of habeas corpus, Doc. 1, be **DENIED,** and that a certificate of appealability be

**DENIED**.

  **IN CHAMBERS** in Gainesville, Florida, on June 6, 2012.

        *s/ Gary R. Jones*
        GARY R. JONES
        United States Magistrate Judge

### NOTICE TO THE PARTIES

  Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.